THE STATE OF OHIO, APPELLEE, *v.*
O'HARA, APPELLANT

(No. 1450—Decided December 23, 1980.)

*Mr. Ronald L. Collins,* prosecuting attorney, and *Mr. Scott J. Mastin,* for appellee.

*Mr. Terry J. McGonegal,* for appellant.

McKEE, J. The defendant-appellant, Wesley D. O'Hara, was convicted on May 2, 1980, of breaking and entering under R.C. 2911.13. On May 16, 1980, the Court of Common Pleas of Tuscarawas County granted a new trial as the court felt it had erred in failing to give a charge on the lesser included offense of trespass under R.C. 2911.21. At the time the new trial was granted the court assigned the second trial for May 21, 1980. On May 19, 1980, the defendant filed a motion to suppress certain identification evidence. No discovery had been demanded by the defendant prior to the first trial, and no motion to suppress had been filed prior to the first trial.

On May 21, 1980, the trial court overruled his motion and proceeded to trial. The defendant was again convicted and sentenced for breaking and entering on May 23, 1980, and it is from this conviction and sentence that appeal is taken.

In the argument before this court the defendant claims constitutional infringements. This court, in reviewing the entire case, must bear in mind that all citizens, including the defendant, the victim, and members of the public, are entitled to constitutional rights including due process. The defendant has assigned no specific violations of such rights, but has assigned the following assignments of error:

"1. The trial court erred by refusing to hear the defendant's motion to suppress identification testimony prior to and during his jury trial and such refusal by the trial court denied the defendant due process of law inasmuch as the defendant was not afforded an opportunity to be heard.

"2. The trial court erred by not permitting cross-examination of the arresting officer relating to his bias toward the defendant.

"3. A defendant is denied due process of law and a fair trial when the court does not grant a mistrial, after the prosecuting attorney, in the middle of the defense's closing argument, runs up, in the presence of the jury, with a written statement of a witness that has not been introduced into evidence, and claims that the statement is the truth of what it asserts to be, and the trial court, also in the presence of the jury, commits pre-

judicial error, when he asks defense counsel if he has read the statement."

As to the first assignment of error, Crim. R. 12(C) provides that a motion to suppress shall be made within 35 days after arraignment or 7 days before trial, "whichever is earlier." The defendant presents a unique argument, which is not based upon any legal foundation, that the granting of a new trial for purposes wholly aside from identification starts the "clock" running again and that the rule does not actually mean what it says. We disagree. The rules now place responsibility upon both counsel and mean what they say, and mean that the motion shall be filed upon whichever deadline occurs earlier.

The defendant cannot argue that the trial court, based upon the discretionary grant, should have permitted the motion, inasmuch as the defendant did not avail himself of discovery prior to the first trial nor seek to present any evidence in support of the motion which was not actually presented in the first trial of the cause and already before the court. While the record of the first trial is not before us, a review of the record in the second trial indicates that such motion could not have been well taken in any event.

With regard to the second assignment of error, the proposed cross-examination of the arresting officer consists of questions as to remote events in February of 1977. While none of the questions to which objection was made related to any statement made by the arresting officer to the girlfriend of the defendant, defense counsel did proffer that, ultimately, he intended to prove that a statement made to a Sue Stucin would prove bias on the part of the officer.

The proffered statement as to bias was not such as would require submitting the same to the officer for impeachment purposes and, in fact, was not even attempted to be asked to the officer. Defense counsel did indicate that he had subpoenaed Sue Stucin and that she would be available to testify as to the same; but, in fact, the defendant never called her to independently establish such bias. The second assignment of error is not well taken and is overruled.

In his third assigned error, the defendant claims prejudicial error arising from events surrounding a statement marked for trial purposes as "State's Exhibit 10" and "Defendant's Exhibit A." This statement was marked and identified in testimony but was not introduced in evidence. It was made a part of the record for appeal and is attached to this opinion as "Opinion Exhibit 1."

The exhibit consists of the statement of the victims, Mr. and Mrs. Rolli. Defense counsel was permitted to make an in-camera inspection under Crim. R. 16(B)(1)(g). This was provided to defense

counsel prior to the cross-examination of Mr. Rolli. The trial court found *no* inconsistencies. Notwithstanding the court's finding and contrary to the Rule, the trial court permitted defense counsel to cross-examine the witness with the *statement in his hand.* This constitutes error on the part of the trial court, prejudicial not only to the state, but also to the witness who has rights protected by the Rule.

It might be noted that defense counsel only claimed one inconsistency in seeking to cross-examine from such statement. This is as follows:

"By Mr. McGonegal:

"He [Mr. Rolli] claims that the defendant made a statement to him and his wife and that is not in here."

This claimed inconsistency was easily answered by Mr. Rolli:

"Q. Now Mr. Rolli, your statement does not include what you claim that my client said when he was in the police car, does it?

"A. This already was wrote when he was in the police car. He never made that statement until they started to pull out to take him away. It couldn't possibly have been in here."

In reviewing Mr. Rolli's testimony, he had stated, on direct examination, that two persons helped a lame person in a window in the building. He describes one of these two persons as a big guy with a floppy hat. In cross-examination, defense counsel inquired of Mr. Rolli on this subject; and the court asked Mr. Rolli the following:

"By the court:

"* * * You don't make any reference to the third person having a hat, do you?

"By the court:

"You can answer yes or no.

"A. No, sir."

As defense counsel does not explain which person he referred to as the third person, a "yes" or "no" does not actually explain the answer.

The answer is, however, explained as the cross-examination of Mr. Rolli continues. As indicated by the following testimony, Mr. Rolli states that he meant that the individual helping the big guy was the third person with no hat:

"Q. And the two people who helped the crippled one in the window, neither had a hat on?

"A. I don't understand.

"Q. Isn't that what you said?

"A. I said the big guy with a hat and another guy helped. I believe that is what I said.

"Q. Didn't you say neither one had a hat on?

"A. Which question are you asking me? I said he didn't have a hat on when putting him in the cruiser but when putting him in the window the big guy had a hat on."

In his closing argument, defense counsel states:

"As you listened to the testimony very carefully of Mr. Rolli, he said I cannot say it was the defendant, Wesley O'Hara that he saw on the other side of the road when he was at the mail box. But he came into court and testified — he said whoever helped the crippled guy in the window had a hat on. You know better because he admitted in his statement he made no reference to a man with a hat on. It is the suggestibility of the circumstances that transpired. He is over there by the mail box. Later when he sees a man being brought from the car, from his car over to the Sheriff's car, what happens? The hat pops up but not in the statement he wrote August 31, 1979."

At this point, the state objected. Even attributing good faith to defense counsel as to the hat issue between Mr. Rolli and the third person, defense counsel misquoted the statement. Defense counsel, in arguing with the court for a mistrial further misquoted the testimony of Mr. Rolli as follows:

"The man testified from the stand he did not put in his statement that whoever it was that helped Kinsey in the window had a hat. He did not say that. That is a

fact. That is what he said. If you thought there was anything required to be pointed out, then I think it should have been on redirect examination on the point."

The right of objection still exists upon behalf of the state to clarify and fairly present the evidence to the jury.

The third assignment is overruled.

For the foregoing reasons the judgment of the trial court is affirmed.

*Judgment affirmed.*

PUTMAN, P. J., and RUTHERFORD, J., concur.